UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ZAYAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　　Respondents. | Case No.: 1:13-cv-01863-LJO-JLT<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO STAY PROCEEDINGS TO EXHAUST CLAIMS<br><br>THIRTY DAY DEADLINE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

　　　　The instant petition was filed on November 18, 2013. On November 20, 2013, the Court ordered Respondent to file a response to the petition within sixty days. (Doc. 4). After requesting and receiving an extension of time, Respondent filed the instant motion to dismiss on February 19, 2014, contending that some of the claims in the instant petition are unexhausted. (Doc. 12). Respondent argues that should Petitioner fail to withdraw those unexhausted claims, the Court should dismiss the petition. (Id.). Petitioner did not file an opposition to the motion to dismiss. Accordingly, <u>and in order to avoid dismissing the entire petition</u>, the Court attempted to give Petitioner the benefit of the doubt by granting him leave to withdraw the two unexhausted claims in lieu of dismissal. (Doc. 15).

　　　　On June 2, 2014, Petitioner filed two motions. The first requested that the two unexhausted

1  claims be withdrawn.  (Doc. 16).  The second criticized this Court for failing to allow Petitioner to
2  stay proceedings in order to exhaust the unexhausted claims, *even though Petitioner had never filed a*
3  *request for issuance of a stay*.  (Doc. 17).

4  What Petitioner apparently fails to appreciate is that it is <u>not</u> the Court's responsibility to litigate
5  Petitioner's case for him.  ***Nor is it the Court's responsibility to provide legal advice to Petitioner***
6  ***about what legal processes are open to him and what legal options he should pursue***; that is
7  Petitioner's responsibility.  It was not this Court's obligation to explain the legal parameters of granting
8  stays of proceedings.  If Petitioner had wanted to exhaust his unexhausted claims in state court, he
9  could simply have filed a motion making that request.  Filing motions that serve the sole purpose of
10 criticizing the Court for failing to act on Petitioner's behalf are a waste of the Court's limited judicial
11 resources.

12 However, in an effort to *once again* give Petitioner the benefit of the doubt, the Court will
13 grant Petitioner thirty days within which to file a proper motion to stay proceedings to exhaust the two
14 unexhausted claims.  If Petitioner chooses not to file such a motion, then, after expiration of the thirty-
15 day period, the Court will grant the motion to dismiss the two unexhausted claims (Doc. 16), and the
16 case will proceed on the remaining exhausted claims.  If Petitioner files a proper motion for stay
17 (either under the Ninth Circuit's approach in <u>Kelly v. Small</u>, 315 F.3d 1063, 1070 (9th Cir. 2004), or
18 under the U.S. Supreme Court's approach in <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005)),
19 the Court will consider the merits of such a request and issue the appropriate orders in due course.

20 Accordingly, it is HEREBY ORDERED that Petitioner is granted thirty days from the date of
21 service of this order within which to file, should he so desire, a motion for a stay of proceedings to
22 exhaust unexhausted claims.  Upon expiration of the thirty-day period, if no motion to stay has been
23 filed, the Court will grant Petitioner's motion to withdraw the unexhausted claims.

25 IT IS SO ORDERED.

26 Dated:  **July 9, 2014**            **/s/ Jennifer L. Thurston**
27                                                   UNITED STATES MAGISTRATE JUDGE