UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ZAYAS,<br><br>    Petitioner,<br><br>    v.<br><br>KAMALA D. HARRIS, et al.,<br><br>    Respondents. | Case No.: 1:13-cv-01863-LJO-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 19)<br><br>ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW HIS UNEXHAUSTED CLAIMS THREE AND SEVEN (Doc. 16)<br><br>ORDER DISREGARDING PETITIONER'S MOTION ON HABEAS CORPUS (Doc. 17)<br><br>ORDER DENYING AS MOOT RESPONDENTS' MOTION TO DISMISS (Doc. 12)<br><br>ORDER TO FILE REGULAR STATUS REPORTS<br><br>THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on November 18, 2013 raising nine claims challenging Petitioner's 2011 conviction in the Tulare County Superior Court of second degree murder and subsequent sentence of forty years to life. (Doc. 1). On November 20, 2013, the Court ordered

1

1  Respondent to file a response to the petition within sixty days. (Doc. 4). After requesting and
2  receiving an extension of time, Respondent filed a motion to dismiss the petition, contending that two
3  of the claims in the petition were unexhausted. (Doc. 12). Respondent argued that should Petitioner
4  fail to withdraw those unexhausted claims, the Court should dismiss the petition. (Id.). Petitioner did
5  not file an opposition to the motion to dismiss. Accordingly, and in order to avoid the harsh result of
6  having to dismiss the entire petition, the Court granted Petitioner leave to withdraw the two
7  unexhausted claims in lieu of dismissal. (Doc. 15).

8        On June 2, 2014, Petitioner filed two motions. The first requested that the two unexhausted
9  claims be withdrawn. (Doc. 16). The second criticized this Court for failing to allow Petitioner to
10 stay proceedings in order to exhaust the unexhausted claims, even though Petitioner had never filed
11 with the Court a request for issuance of a stay. (Doc. 17). The latter motion also indicated that
12 Petitioner should be permitted to show good cause why a mixed petition should be stayed. (Id.). On
13 July 23, 2014, Petitioner filed a motion to stay proceedings pursuant to Rhines v. Weber, 544 U.S. 269
14 (2005), contending implicitly that "good cause" exists for granting the stay. (Doc. 19).

15       On August 8, 2014, Respondent filed an opposition to Petitioner's motion for stay of
16 proceedings, contending that, pursuant to Rhines, a petitioner requesting a stay must show good cause
17 and that Petitioner has failed to meet that requirement because lack of knowledge of the legal system
18 or ignorance does not constitute "good "cause." (Doc. 20). Petitioner filed a reply on August 22,
19 2014, arguing that he has shown good cause, that the unexhausted grounds are meritorious, and that he
20 should be allowed to exhaust those claims pursuant to a Rhines stay. (Doc. 21).

21 **DISCUSSION**

22       Traditionally, a district court has had the discretion to stay a petition which it may validly
23 consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir.
24 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997).
25 However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay
26 even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate
27 where there is no intention on the part of the Petitioner to delay or harass and in order to avoid
28 piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district

court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the Ninth Circuit's rule in Kelly, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, in 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner has timely filed a federal habeas petition containing ten claims, eight of which have been previously exhausted through state proceedings; both parties appear to agree that the remaining two claims are unexhausted. Petitioner wishes to exhaust those two claims, while Respondent has taken the view that, because Petitioner relied upon Rhines in his stay request, he must show "good cause" for the delay, whereas, had Petitioner either failed to cite a legal basis for the stay request, or cited Kelly, he would not have been required to show good cause. Respondent argues that

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

lack of legal acumen or familiarity with the legal system is insufficient to show "good cause" for a Rhines stay, and thus, as a mixed petition, the petition herein must be dismissed under Rose v. Lundy.

Respondent is correct that Petitioner *did* rely on Rhines as a basis for requesting the stay, and indeed, in Petitioner's reply he continues to do so. However, leaving aside for the moment the question of whether Petitioner's ignorance of the law meets the Rhines requirement of "good cause," the larger question presented herein is whether, by his mere citation to Rhines, or, more precisely, Petitioner's failure to cite Kelly in his stay request, puts him on a legal path for which the only destination is dismissal of his entire mixed petition. The Court does not believe that such a harsh result is required by current federal habeas law.

First, it bears emphasis that on May 9, 2014, long before Petitioner requested his stay, the Court issued an order granting Petitioner leave to withdraw his two unexhausted claims in order to exhaust them in state court. The Court issued that order contemplating that Petitioner would elect to pursue a Kelly stay rather than a Rhines stay in order to avoid not only the requirement of showing good cause, but also to satisfy Respondent's objections raised in the motion to dismiss. On June 2, 2014, Petitioner dutifully filed his motion requesting that the two unexhausted claims be withdrawn. (Doc. 16). Subsequently, Petitioner filed a stay request citing Rhines, and Respondent filed an opposition contending that Rhines' "good cause" requirement had not been met. From a purely equitable standpoint, therefore, having previously invited Petitioner to request to withdraw his unexhausted claims, it hardly seems fair, or appropriate, for the Court to now deny him permission to withdraw those claims simply because he cited to Rhines in his stay request, especially when the sole basis for "good cause" in his stay request is that he did not and does not fully understand the legal requirements of habeas corpus in general and stays of proceedings in particular.

Second, Respondent does not cite, and the Court is unaware of, any controlling authority precluding the Court from exercising its discretion to grant a stay of proceedings in a case such as the instant one, where a Petitioner has elected to proceed under either Kelly or Rhines, where Petitioner's chosen approach would inevitably result in dismissal of the entire petition, and where, had the other alternative been chosen, a stay would have been warranted. The Ninth Circuit's approach in Kelly was fashioned before Rhines was decided in order to provide petitioners with a legal avenue to exhaust

4

unexhausted claims without running afoul of the AEDPA's one-year statute of limitations. The Supreme Court later decided Rhines, creating a de facto exception to Lundy's prohibition on entertaining mixed petitions. Nothing about the current legal landscape suggests that it was contoured to require unsuspecting pro se petitioners to make choices between Kelly and Rhines that would be potentially fatal to their petitions. To the contrary, it appears that both cases sought to provide state petitioners with some much-needed flexibility in exhausting their claims, often a lengthy process, without fear of "running out" the AEDPA's relatively short one-year statute of limitations prior to full exhaustion.

Accordingly, the Court, in its discretion, concludes that, pursuant to Kelly, a stay is appropriate. The record does not indicate that Petitioner is attempting to delay the proceedings or harass Respondent, and granting the stay will avoid piecemeal litigation while permitting Petitioner to exhaust his unexhausted claims. Taylor, 134 F.3d at 988 n. 11; Kelly, 315 F.3d at 1070. Further, in the Court's view, granting a Kelly stay will further the ends of justice and equity. Under Kelly, no showing of "good cause" is required; however, Petitioner will be required to dismiss his unexhausted claims in order to stay proceedings. Once the unexhausted claims are fully exhausted, Petitioner will be permitted to file a motion to amend the petition to include the two newly-exhausted claims to those exhausted claims already present in the instant petition.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. **No later than 30 days after** the date of service of this Order Petitioner **SHALL** inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[1] Further, Petitioner must proceed diligently to pursue his state court remedies, and **every 60 days after** the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed 30 days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. **Failure to comply with these instructions**

---

[1] The filing should be entitled "Status Report."

**and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order**. Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, the Court **ORDERS**:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 19), is GRANTED. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies as to claims three and seven;

2. Petitioner's motion to withdraw grounds three and seven in the instant petition (Doc. 16), is GRANTED. Grounds three and seven are DISMISSED without prejudice to amending the stayed petition with those claims once they are exhausted;

3. Petitioner is ORDERED to file a status report within 30 days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every 60 days after the filing of the initial status report;

5. Petitioner is GRANTED 30 days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims;

6. Petitioner's motion on habeas corpus (Doc. 17), is DISREGARDED as moot; and,

7. Respondent's motion to dismiss (Doc. 12), is DENIED as moot.

**Petitioner is reminded that his failure to comply with these orders will result in this Court vacating the stay *nunc pro tunc* to the date of this order**.

IT IS SO ORDERED.

Dated:   **August 28, 2014**            /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE