1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY ZAYAS, | Case No.: 1:13-cv-01863-LJO-JLT |
|        Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR TO FILE AMENDED PETITION CONTAINING NEWLY EXHAUSTED CLAIMS (Doc. 24) |
|    v. | |
| KAMALA D. HARRIS, et al., | |
|        Respondents. | ORDER LIFTING STAY GRANTED AUGUST 29, 2014 (Doc. 22) |
| | ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING (Doc. 24) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on November 18, 2013 raising nine claims challenging Petitioner's 2011 conviction in the Tulare County Superior Court of second degree murder and subsequent sentence of forty years to life. (Doc. 1). On November 20, 2013, the Court ordered Respondent to file a response to the petition within sixty days. (Doc. 4). After requesting and receiving an extension of time, Respondent filed a motion to dismiss the petition, contending that two of the claims in the petition were unexhausted. (Doc. 12). Respondent argued that should Petitioner fail to withdraw those unexhausted claims, the Court should dismiss the petition. (Id.). Petitioner did

1   not file an opposition to the motion to dismiss.  Accordingly, and in order to avoid the harsh result of

2   having to dismiss the entire petition, the Court granted Petitioner leave to withdraw the two

3   unexhausted claims in lieu of dismissal.  (Doc. 15).

4           On June 2, 2014, Petitioner filed two motions.  The first requested that the two unexhausted

5   claims be withdrawn.  (Doc. 16).  The second criticized this Court for failing to allow Petitioner to

6   stay proceedings in order to exhaust the unexhausted claims, even though Petitioner had never filed

7   with the Court a request for issuance of a stay.  (Doc. 17).  The latter motion also indicated that

8   Petitioner should be permitted to show good cause why a mixed petition should be stayed.  (Id.).  On

9   July 23, 2014, Petitioner filed a motion to stay proceedings pursuant to Rhines v. Weber, 544 U.S. 269

10   (2005), contending implicitly that "good cause" exists for granting the stay.  (Doc. 19).

11           On August 8, 2014, Respondent filed an opposition to Petitioner's motion for stay of

12   proceedings, contending that, pursuant to Rhines, a petitioner requesting a stay must show good cause

13   and that Petitioner has failed to meet that requirement because lack of knowledge of the legal system

14   or ignorance does not constitute "good "cause."  (Doc. 20).  Petitioner filed a reply on August 22,

15   2014, arguing that he has shown good cause, that the unexhausted grounds are meritorious, and that he

16   should be allowed to exhaust those claims pursuant to a Rhines stay.  (Doc. 21).

17           On August 29, 2014, the Court granted Petitioner's motion for a stay of proceedings and also

18   granted his motion to withdraw the two unexhausted claims in order to exhaust them in state court.

19   (Doc. 22).  On December 4, 2014, Petitioner filed the instant motion to amend, indicating that the two

20   claims were now exhausted and that he wished to file an amended petition containing the original

21   claims as well as the newly-exhausted claims.  (Doc. 24).  Petitioner also requests an evidentiary

22   hearing. (Id.).

23                         **DISCUSSION**

24           The Court's August 29, 2014 order articulated the legal process whereby Petitioner could

25   exhaust the two unexhausted claims and then include them in an amended petition.  (Doc. 22).

26   Petitioner has fully complied with the Court's requirements for doing so by exhausting his

27   unexhausted claims and, now, by filing a motion to file an amended petition containing those newly-

28   exhausted claims.  Accordingly, the Court will grant Petitioner's motion to amend and afford him

thirty days within which to do so.

The decision to grant an evidentiary hearing is generally a matter left to the sound discretion of the district courts. 28 U.S.C. § 2254; Habeas Rule 8(a); <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). To obtain an evidentiary hearing in federal court under the AEDPA, a petitioner must allege a colorable claim by alleging disputed facts which, if proved, would entitle him to relief pursuant to 28 U.S.C. § 2254(d)(1). <u>Schriro</u>, 550 U.S. at 474. In analyzing a claim pursuant to § 2254(d)(1), a federal court is limited to the record that was before the state court that adjudicated the claim on the merits. <u>Cullen v. Pinholster</u>, ─── U.S. ───, ───, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). Thus, when a state court record precludes habeas relief under the limitations set forth in § 2254(d), a district court is not required to hold an evidentiary hearing. <u>Cullen v. Pinholster</u>, 131 S.Ct. at 1399 (citing <u>Schriro</u>, 550 U.S. at 474)). Indeed, following <u>Pinholster</u>, it is difficult to envision <u>any</u> scenario in which an evidentiary hearing would ever be appropriate in a § 2254 proceeding, since that case limits this Court's habeas review to facts *already determined* in state court.  Accordingly, pursuant to <u>Pinholster</u>,  the Court will deny without prejudice Petitioner's motion for an evidentiary hearing.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

    1.  Petitioner's motion to file an amended petition (Doc. 24), is GRANTED;

    2.  Petitioner's motion for an evidentiary hearing (Doc. 24), is DENIED;

    3.  The stay order granted August 29, 2014 (Doc. 22), is VACATED;

    4.  Petitioner is DIRECTED to file his amended petition within thirty days of the date of service of this order. That amended petition will supersede the original petition, which will have no further legal effect in these proceedings.

///
///
///
///
///

Petitioner's failure to comply with the Court's order may result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated:   __**December 10, 2014**__           _____**/s/ Jennifer L. Thurston**_____
UNITED STATES MAGISTRATE JUDGE

4